**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENIAL ERIBERT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-08755-JLT-EGC<br><br>A-Number: 244-549-203<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Genial Eribert is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Haiti. He entered the United States without inspection in May 2024, where he was encountered by U.S. Border Patrol near Brownsville, Texas. (Doc. 7 at 4.) Petitioner was served with a Notice to Appear, charging him pursuant to § § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act and paroled into the United States pending his immigration hearing. (*Id.*) Petitioner filed for an I-765 Employment Authorization Document which was approved on June 12, 2024. (*Id.*) On October 10, 2024, Petitioner filed for Temporary Protected

Status. (*Id.*) Other than a charge for driving without a license, there is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. (*Id.*) Yet, on September 29, 2026, Petitioner was arrested and taken into ICE custody. (*Id.*) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On October 26, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On November 4, 2026, Respondent filed a response, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 5.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents assert that unlike the category of detainees apprehended in the interior of the United States, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) because he is an arriving alien who entered at a port of entry. (Doc. 5 at 1.) The Court disagrees and finds that Petitioner is not subject to mandatory detention on this basis. First, federal courts have generally determined that an individual who has lived freely in the United States under humanitarian parole is not an "arriving alien" but rather is " 'present' in the United States and does have full due process rights." *Baptiste v. Bondi*, No. CV 26-02586 PHX SPL (CDB), 2026 WL 1684433, at *5 (D. Ariz. May 21, 2026) (collecting cases), *report and recommendation adopted*, No. CV-26-02586-PHX-SPL, 2026 WL 1682149 (D. Ariz. June 10, 2026). Relatedly, because Petitioner was

previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in M*athews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b). As such, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process). As Petitioner has committed no crime nor violated the conditions of his parole, the Court find the appropriate remedy in this case to be immediate release.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
3. The Clerk of Court is directed to California City Detention Facility in California City, California, with a copy of this Order.

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 18, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE